Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

KYLE REYNOLDS, individually and on
behalf of all others similarly situated,

        Plaintiff,

    vs.

AUTOZONE PARTS, INC., a Nevada
Corporation; and DOES 1-20, inclusive,

        Defendants.

Case No. 3:25-cv-05328-BHS

**JOINT STATUS REPORT AND**
**DISCOVERY PLAN**

Having conferred on July 11, 2025, Plaintiff Kyle Reynolds ("Plaintiff") and Defendant AutoZone Parts, Inc. ("Defendant" or "AutoZone") (together, the "Parties") through their counsel of record, and pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 9), submit the following Joint Status Report and Discovery Plan.[1]

**1.     Nature and Complexity of the Case**

Plaintiff filed a Class Action Complaint for Damages on behalf of herself and others similarly situated, alleging multiple claims against Defendant relating to her former employment with AutoZone, including violations of Washington meal period and rest break requirements,

---

[1]  Plaintiff has filed a Motion to Remand, which is pending before this Court (Dkt. 13).  Because this case has not been stayed pending resolution of Plaintiff's Motion to Remand, Plaintiff is compelled to comply with the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 9).  However, Plaintiff does not waive and expressly maintains all of Plaintiff's objections to the propriety of jurisdiction in this Court.

minimum wage and overtime requirements, record keeping requirements, and the Seattle Wage Theft Ordinance.

Defendant denies each of Plaintiff's claims in their entirety and denies that this action is appropriate for class treatment.

The Parties do not believe this to be a complex case.

**2.      Proposed Deadline for Joining Additional Parties**

The Parties propose that the deadline to join additional parties be set for 90 days after the Court's entry of a Scheduling Order in this matter.

**3.      Consent to a Magistrate**

The Parties do not consent to a magistrate.

**4.      Discovery Plan**

A.      Initial Disclosures

The Parties have served initial disclosures as of July 21, 2025.

B.      Subjects, timing, and potential phasing of discovery

The Parties anticipate seeking discovery on their claims, defenses, damages, and permissibly related information pursuant to applicable rules. The Parties recommend that the Federal Rules of Civil Procedure govern the timing of discovery.

Plaintiff intends to seek discovery regarding Plaintiff's factual allegations, individual claims, and alleged damages; the factual allegations, claims, and damages alleged on behalf of the putative class; and Defendant's affirmative defenses.

Defendant intends to seek discovery regarding Plaintiff's factual allegations, claims of liability, and damages, including, but not limited to mitigation efforts, if any. Defendant believes that phasing of discovery into class- and merits-discovery is necessary for sake of judicial efficiency.

JOINT STATUS REPORT AND DISCOVERY
PLAN - 2
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

C.    Electronically Stored Information

To the extent production of additional electronically stored information is necessary, the Parties will work cooperatively to ensure that production of this information is managed efficiently and without Court intervention.

The Parties agree that no party shall be required to produce native files or metadata for documents or e-mails (including their attachments or other ESI) as part of an initial document production. Rather, the Parties agree that documents are to be produced in a reasonably usable format such as searchable .pdf file or spreadsheet where necessary. If, after reviewing a party's initial document production, the receiving party believes the native file and/or metadata for a particular document is relevant, the Parties will meet and confer on a case-by-case basis for each such document. The Parties agree that they may use an online file sharing or FTP site to make document productions electronically.

D.    Privilege Issues

The Parties do not anticipate unusual or unique privilege issues. The Parties agree that any communications between a party and the party's counsel after this lawsuit was initiated, or at the direction of a party's counsel after this lawsuit was initiated, regarding the claims asserted in this action need not be listed on a privilege log. The Parties anticipate filing a Stipulated Motion for a Protective Order, including an agreement to the entry of a non-waiver order under Fed. R. Evid. 502(d).

E.    Proposed Limitations on Discovery

The Parties have conferred and are negotiating potential participation in early mediation. Therefore, while the parties negotiate such terms, the parties have agreed that formal discovery should be stayed, pending the negotiation of mediation and, if mediation is agreed upon, the Parties believe the action as well as formal discovery should be stayed pending completion of mediation. Upon any agreement being reached to mediate, the Parties intend to submit to the Court a Stipulated Motion to Stay, which includes a stay of discovery.

JOINT STATUS REPORT AND DISCOVERY
PLAN - 3
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Defendant believes that an order phasing discovery may be required should the Parties not agree to mediation.

At this time, the Parties do not propose any modification to the discovery limitations contained in the Federal Rules of Civil Procedure and the Local Civil Rules of Procedure. The Parties agree to electronic service (by e-mail) of discovery documents, such that service of paper copies is unnecessary. Electronic files will be provided through an online file-sharing program if they are too large for e-mail exchange.

        F.    <u>Need for any Discovery Related Orders</u>

Should the Parties agree to mediation, they will submit a Motion to Stay Proceedings, including formal discovery. If necessary, the Parties will propose a Stipulated Protective Order to the Court, including an agreement to the entry of a non-waiver order under Fed. R. Evid. 502(d). No other discovery-related orders are anticipated at this time.

**5.**    **Local Rule 26(f)(1)**

        A.    <u>Prompt Case Resolution</u>

The Parties will endeavor to resolve the case as promptly as practicable in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington.

        B.    <u>Alternative Dispute Resolution</u>

The parties believe that Court ordered mediation is unnecessary. The parties do not foresee the need for a magistrate's assistance in a judicial settlement conference. At this time, the Parties do not intend to utilize the Alternative Dispute Resolution Program set forth in Local Civil Rule 39.1. The Parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

JOINT STATUS REPORT AND DISCOVERY
PLAN - 4
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

C.    Related Cases

Defendant has filed a Notice of Related Case, identifying *Kodey Gale v. AutoZone Parts, Inc.*, Case No. 2:25-cv-00881-BHS, as a related case that is currently pending in the Western District of Washington (Dkt. 11).

D.    Discovery Management

The Parties will cooperate in good faith during discovery, to use best efforts to comply with discovery requests, and to act reasonably in propounding discovery. The Parties agree to accept service of discovery requests and responses via e-mail sent to all counsel of record and copied to paralegals and legal assistants. The Parties also agree that any discovery received from third parties pursuant to subpoenas will be shared and produced to the other parties without requiring a written discovery request.

The Parties agree to present discovery disputes to the Court by informal means and prior to filing discovery related motions, and only after they have engaged in good-faith efforts to resolve any discovery disputes.

E.    Anticipated Discovery Sought

The Parties intend to use standard discovery tools (interrogatories, requests for production, requests for admission, oral depositions, and subpoenas) to investigate the topics set forth in 4(B) above.

F.    Phasing of Motions

Defendant believes, if the Parties do not reach an agreement to mediate, that phasing of discovery into class- and merits-discovery may be necessary for sake of judicial efficiency.

G.    Preservation of Discoverable Information

The Parties do not believe there are any preliminary issues related to the preservation of discoverable evidence and have taken means necessary to ensure preservation of evidence.

JOINT STATUS REPORT AND DISCOVERY
PLAN - 5
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

H.    Privilege Issues

The Parties do not anticipate privilege issues regarding discovery.  If such issues arise, the Parties agree to work cooperatively to resolve issues of privilege before seeking court intervention.

I.    Model Protocol for Discovery of ESI

The Parties anticipate that need for ESI discovery will be minimal but may include e-mails or other electronic communications in possession of either party. The Parties do not believe there is a need to enter into the Model ESI Agreement or an alternative protocol governing ESI discovery at this time.

J.    Alternative to Model Protocol

The Parties do not foresee the need for alternatives to the Model Protocol for discovery of ESI. The Parties agree to cooperate in good faith to ensure production of ESI is managed effectively, without the need for Court intervention. Should one party seek production of ESI, the Parties agree that they will work together in good faith to identify potentially relevant custodians and appropriate search terms for identifying relevant and responsive ESI documents. The Parties agree that they will not be required to provide ESI that is not reasonably accessible. The Parties may request the use of, or amendments to, the Model ESI Agreement as discovery proceeds if assistance with ESI discovery is necessary.

**6.    Proposed Discovery Cutoff**

The Parties believe that discovery can be completed no later than July 30, 2026.

**7.    Bifurcation**

The Parties believe there is no need for bifurcation.

**8.    Pretrial Orders**

The Parties agree to follow the requirements of the Local Rules regarding the filing of pre-trial statements and orders.

JOINT STATUS REPORT AND DISCOVERY
PLAN - 6
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**9.      Any Other Suggestions for Shortening or Simplifying the Case**

The Parties agree to work cooperatively and stipulate to matters as appropriate. The Parties do not propose any special methods to shorten or simplify this case.

**10.     Trial Date**

The Parties anticipate that the matter will be ready for trial on or after November 30, 2026.

**11.     Jury Demand**

Plaintiff has made a jury demand (Dkt. 10).

**12.     Number of Trial Days**

Plaintiff anticipates that the trial will take 5-7 days if a class is certified, but the length will depend on how many claims are certified.

Defendant anticipates that the trial will take between 1-3 days.

**13.     Names, Addresses, and Telephone Numbers of Trial Counsel**

      **(A)      Attorneys for Plaintiff:**

Jamie K. Serb, WSBA #62065
Zachary M. Crosner, WSBA #61644
Victoria E. Ainsworth, WSBA #49677
CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA  98121
Telephone:  (866) 276-7637

Jason A. Rittereiser, WSBA #43628
Rachel N. Emens, WSBA #49047
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA  98101
Telephone:  (206) 838-2504

      **(B)      Attorneys for Defendant:**

Adam T. Pankratz, WSBA #50951
Kristofer T. Noneman, WSBA #61697
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:  (206) 693-7057

JOINT STATUS REPORT AND DISCOVERY
PLAN - 7
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   Alexandra M. Asterlin, CBN #221286
2   (admitted *pro hac vice*)
    OGLETREE, DEAKINS, NASH, SMOAK
3   & STEWART, P.C.
    400 Capitol Mall, Suite 2800
4   Sacramento, CA 95814
    Telephone: (916) 840-3150
5

6   **14.    Dates Unavailable for Trial**

7           For potential trial dates near November 30, 2026, Plaintiff's counsel may have scheduling

8   complications: September 8, 2026 through September 18, 2026; October 8, 2026 through October

9   16, 2026; October 26, 2026 through October 30, 2026; November 12, 2026 through November 30,

10  2026; December 16, 2026 through January 4, 2027.

11          For potential trial dates near November 30, 2026, Defendant's counsel may have

12  scheduling complications: June 24, 2026 through July 10, 2026; August 2, 2026 through August

13  14, 2026; September 7, 2026 thought September 11, 2026; September 21, 2026 through September

14  29, 2026; October 19, 2026 through October 30, 2026; November 23, 2026 through November 27,

15  2026; and December 21, 2026 through January 1, 2027.

16  **15.    Service Issues**

17          The Parties are not aware of any issues regarding service as of the date of this Report.

18  **16.    Scheduling Conference**

19          The Parties do not request a scheduling conference before the entry of a Case Scheduling

20  Order.

21  **17.    Corporate Disclosure**

22          Defendant filed its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR

23  7.1 on April 17, 2025 (Dkt. 2).

24  ///

25  ///

26  ///

1    Respectfully submitted this 28th day of July, 2025.

2   CROSNER LEGAL, P.C.                OGLETREE, DEAKINS, NASH, SMOAK
                                       & STEWART, P.C.
3   By: */s/ Victoria E. Ainsworth*
4       Jamie K. Serb, WSBA #62065     By: */s/ Adam T. Pankratz*
        Zachary M. Crosner, WSBA #61644 By: */s/ Kristofer T. Noneman*
5       Victoria E. Ainsworth, WSBA #49677    Adam T. Pankratz, WSBA #50951
        92 Lenora Street, #179             Kristofer T. Noneman, WSBA #61697
6       Seattle, WA  98121                 1201 Third Avenue, Suite 5150
        Telephone:  (866) 276-7637         Seattle, WA  98101
7       Facsimile:  (310) 510-6429         Telephone:  (206) 693-7057
8       Email:  jamie@crosnerlegal.com     Facsimile:  (206) 693-7058
                zach@crosnerlegal.com      Email:    adam.pankratz@ogletree.com
9               tainsworth@crosnerlegal.com            kristofer.noneman@ogletree.com

10  *Attorneys for Plaintiff Kyle Reynolds*    *Attorneys for Defendant AutoZone Parts, Inc.*

11  HKM EMPLOYMENT ATTORNEYS LLP         OGLETREE, DEAKINS, NASH, SMOAK
                                         & STEWART, P.C.
12
    By: */s/ Jason A. Rittereiser*       By: */s/ Alexandra M. Asterlin*
13      Jason A. Rittereiser, WSBA #43628    Alexandra M. Asterlin, CBN #221286
        Rachel N. Emens, WSBA #49047         (admitted *pro hac vice*)
14      600 Stewart Street, Suite 901        400 Capitol Mall, Suite 2800
        Seattle, WA  98101                   Sacramento, CA  95814
15      Telephone:  (206) 838-2504           Telephone:  (916) 840-3150
        Facsimile:  (206) 260-3055           Facsimile:  (916) 840-3159
16      Email:    jrittereiser@hkm.com       Email:  alexandra.asterlin@ogletree.com
17                remens@hkm.com
                                         *Attorneys for Defendant AutoZone Parts, Inc.*
18  *Attorneys for Plaintiff Kyle Reynolds*

19

20

21

22

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY
PLAN - 9
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2025, I caused a true and correct copy of the

foregoing JOINT STATUS REPORT AND DISCOVERY PLAN to be served upon the following

parties via the method(s) indicated below:

Jamie K. Serb, WSBA #62065
Zachary M. Crosner, WSBA #61644
Victoria E. Ainsworth, WSBA #49677
CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
Email: jamie@crosnerlegal.com
       zach@crosnerlegal.com
       tainsworth@crosnerlegal.com

*Attorneys for Plaintiff Kyle Reynolds*

Jason A. Rittereiser, WSBA #43628
Rachel N. Emens, WSBA #49047
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
Email:   jrittereiser@hkm.com
         remens@hkm.com

*Attorneys for Plaintiff Kyle Reynolds*

☒   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐   by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 28th day of July, 2025 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

JOINT STATUS REPORT AND DISCOVERY
PLAN - 10
Case No. 3:25-cv-05328-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058