1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE REYNOLDS, individually and on behalf of all others similarly situated.

Plaintiff,

v.

AUTOZONE PARTS, INC., a Nevada Corporation; and DOES 1-20, inclusive,

Defendants.

CASE NO. 3:25-cv-05328-BHS

ORDER

THIS MATTER is before the Court on Plaintiff Kyle Reynolds's motion to remand, Dkt. 13.

On January 8, 2025, Reynolds filed a class action in Pierce County Superior Court alleging Defendant Autozone committed wage violations against its hourly and non-exempt employees in Washington state. Dkt. 1-2.

On January 10, 2025, Reynolds served Autozone with the summons and complaint. Dkt. 1 at 2.

On April 17, 2025, Autozone removed the case to this Court. Dkt. 1. It asserted that because Reynolds's complaint did not "allege sufficient facts to calculate the amount

ORDER - 1

1    in controversy with reasonable certainty as to the individually named plaintiff or as to the

2    putative class," the time to remove had not yet begun to run and thus removal was timely

3    under 28 U.S.C. § 1446(b). *Id.* at 3–4. It also asserted the case met Class Action Fairness

4    Act (CAFA) removal requirements because there are at least 4,771 putative class

5    members, the parties are diverse, and the amount in controversy exceeds $5 million. *Id.* at

6    9–12. It filed a supporting declaration by Emil Czechowski, an economist who estimated

7    "the number of meal and rest break-eligible shifts and the associated potential economic

8    exposure related to Plaintiff's claims." Dkt. 4 at 1–2.

9        Reynolds moves to remand. Dkt. 13. Reynolds argues removal was untimely

10    because Autozone filed the notice of removal 97 days after being served. *Id.* at 2.

11    Reynolds asserts Autozone could have readily ascertained from the complaint the

12    diversity of the parties, the number of putative class members, and the amount in

13    controversy. *Id.* at 3–5. Reynolds also contends Autozone's calculation of the amount in

14    controversy is erroneous, based on gross overstatements, and not supported by the

15    complaint or any evidence. *Id.* at 7–8. It cites to a declaration by Jamie K. Serb, an

16    employment attorney, who recalculates Autozone's "total exposure" using a 20%

17    violation rate to be approximately $4.1 million. Dkt. 14 at 2.

18        Autozone argues that removal was timely because the complaint lacked

19    "information pertaining to the amount in controversy." Dkt. 18 at 2. Autozone maintains

20    there is federal jurisdiction under CAFA because the amount in controversy exceeds $5

21    million. *Id.* at 12. It cites to Czechowski's supplemental declaration estimating a new

22    amount in controversy of $5.58 million using a 20% violation rate, not including

1    attorneys' fees. Dkt. 19. The declaration includes a list of data and documents

2    Czechowski used to arrive at the figure. *Id.* at 4. It further provides 21 prior court orders

3    to support its claim that attorneys' fees alone would make up between $1,395,504 and

4    $2,087,175. Dkt. 18 at 21; Dkt. 20.

## I.    DISCUSSION

**A.    Reynolds's complaint does not, on its face, provide grounds for removal, and therefore did not trigger § 1446(b)'s thirty-day removal clock.**

Under 28 U.S.C. § 1446(b), a case may be removed in two different 30-day windows. The first requires a party to file the notice of removal within thirty days of receipt of the initial pleading or summons. 28 U.S.C. § 1446(b)(1). For this thirty-day clock to apply, the "ground for removal must be revealed affirmatively" within the "four corners" of the initial pleading. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). The defendant's subjective knowledge is inapposite, as is any duty to make further inquiry. *Id.* at 694. The defendant needs only to "apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly stated in a complaint." *Kuxhausen v. BMW Fin. Serv. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation omitted).

The second thirty-day window commences "if no ground for removal is evident in the initial pleading, . . . and the defendant receives 'an amended pleading, motion, order, *or other paper*' from which it can be ascertained from the face of the document that removal is proper." *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015) (citing 28 U.S.C. § 1446(b)(3)) (emphasis added).

1    In a CAFA case, when "neither of the two thirty-day periods under § 1446(b)(1)

2    and (b)(3) has been triggered," there is no "time limit" and the case "may be removed at

3    any time." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

4    The Court agrees with Autozone that on its face, Reynolds's complaint does not

5    provide an amount in controversy. The complaint seeks relief in general terms, requesting

6    damages in the "amount of [plaintiffs'] missed/otherwise noncompliant and unpaid meal

7    period and rest period wages, and for unpaid overtime wages for hours worked over 40

8    hours in a week" and "unreimbursed personal cell phone expenses incurred." Dkt. 1-2 at

9    20. It merely alleges "there are estimated to be at least fifty current and former hourly

10   paid employees" in the putative class. *Id.* at 2. It does not "clearly state[]" any other

11   figures from which Autozone could have ascertained the amount in controversy using a

12   "reasonable amount of intelligence." *Kuxhausen*, 707 F.3d at 1140. Autozone's

13   subjective knowledge of the putative class members' wages—its own "unfettered access

14   to . . . payroll records and shift demand"—has no bearing on the removal window. Dkt.

15   13 at 6. And there is no "other paper" or amended pleading that triggered the second

16   thirty-day removal window. Dkt. 18 at 9. Because neither of the § 1446(b) removal

17   windows are applicable, and because this case meets CAFA requirements for the reasons

18   discussed below, Autozone was entitled to remove at any time.

19   **B.    Amount in Controversy**

20   Putative class actions are removable under CAFA when the aggregate amount in

21   controversy exceeds $5,000,000 for the entire class, exclusive of interest and costs. 28

22   U.S.C. § 1332(d)(2). There is no presumption against removal for cases removed under

1  CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)

2  ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted

3  to facilitate adjudication of certain class actions in federal court."). Under CAFA, the

4  removing defendant retains the obligation to demonstrate by a preponderance of the

5  evidence that the jurisdictional amount in controversy is met in order to sustain its

6  removal in the face of a motion to remand. *Rodriquez v. AT&T Mobility Servs., LLC*, 728

7  F.3d 975, 981 (9th Cir. 2013).

8        Though the burden remains with the defendant, it is not a daunting one. Under this

9  standard, a removing defendant is not obligated to completely "research, state, and prove

10  the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d

11  1199, 1204–05 (E.D. Cal. 2008) (citing *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.

12  Ky. 1994)). The appropriate measure of the amount in controversy must be based on

13  reasonable assumption. "A removing defendant is not required to go so far as to prove

14  Plaintiff's case for him by proving the actual rates of violation." *Tajonar v. Echosphere,*

15  *L.L.C.*, No. 14CV2732-LAB (RBB), 2015 WL 4064642, at *3 (S.D. Cal. July 2, 2015)

16  (internal quotation omitted).

17        The plaintiff can challenge the amount in controversy by way of a "facial" or

18  "factual" attack on the defendant's jurisdictional allegations. *Harris v. KM Indus., Inc.*,

19  980 F.3d 694, 699 (9th Cir. 2020). A facial attack accepts the defendant's allegations as

20  true but challenges their sufficiency to meet the amount in controversy. *Id.* A factual

21  attack, on the other hand, "challenges the truth of the . . . jurisdictional allegations by

22  making a reasoned argument as to why any assumptions on which they are based are not

1    supported by evidence." *Id.* at 700 (citing *Salter v. Quality Carriers*, 974 F.3d 959, 964

2    (9th Cir. 2020). When the plaintiff "mounts a factual attack, the burden is on the

3    defendant to show, by a preponderance of the evidence, that the amount in controversy

4    exceeds the $5 million jurisdictional threshold." *Id.* (citing *Ibarra v. Manheim Inv., Inc.*,

5    775 F.3d 1193, 1197 (9th Cir. 2015)). Both parties may submit evidence outside the

6    complaint, such as affidavits or declarations, in support of their position. *Ibarra*, 775 F.3d

7    at 1197–98.

8         When the statute at issue "provides for the recovery of attorneys' fees, prospective

9    attorneys' fees must be included in the assessment of the amount in controversy." *Arias v.*

10   *Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). The defendant must prove

11   by a preponderance of the evidence the amount of attorneys' fees at stake. *Fritsch v. Swift*

12   *Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). The Court may also apply

13   its own expertise "in determining the number of hours reasonably expended on the

14   litigation multiplied by a reasonably hourly rate" based on its "own knowledge of

15   customary rates and . . . reasonable and proper fees." *Id.* (internal quotation marks

16   omitted).

17        Reynolds factually attacks Autozone's asserted amount in controversy,

18   challenging Czechowski's use of 33% and 25% violation rates in his initial estimation,

19   Dkt. 4, as "arbitrary." Dkt. 13 at 7. Reynolds argues the complaint instead "warrant[s] a

20   noncompliance rate of 20%, at most." *Id.* Czechowski's supplemental declaration

21   subsequently calculates the amount in controversy using a 20% violation rate, arriving at

22   $5.82 million, not including attorneys' fees. Dkt. 19. Reynolds's only rebuttal to this new

1 calculation is that there is "no underlying data supporting [Autozone's] assumptions" that

2 employees were entitled to "more than one meal or rest break per shift, based on shift

3 length." Dkt. 21 at 8. This falls short of a "reasoned argument" challenging "the factual

4 underpinnings" of Czechowski's assumptions. *Harris*, 980 F.3d at 700. Both parties had

5 ample "opportunity to place evidence on the record following the motion to remand," and

6 submitted declarations supporting their positions. *Id.* at 702; Dkts. 14, 19. Autozone's

7 estimated amount in controversy is supported by their expert Czechowski's declaration.

8      Even if the Court were to accept Reynolds's counsel's estimate of $4.1 million,[1]

9 the Court is persuaded that with the addition of attorneys' fees, it would meet the

10 jurisdictional threshold.

11      Reynolds does not dispute the underlying statute permits the recovery of

12 attorneys' fees, but instead argues that because the fees would "come out of, not in

13 addition to," any settlement, Autozone erroneously calculated the fees as "a 25%

14 premium on top of the estimated recovery." Dkt. 13 at 10 (emphasis omitted).

15      The Court rejects this argument. In calculating the amount in controversy, the

16 Court adds attorneys' fees to Autozone's total exposure for Reynolds's claims, regardless

17 of any settlement. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020)

18 (the "likely liability" is inapposite to the calculation of the amount in controversy). At

19 issue here is a claim for a jury award plus fees. Autozone persuasively provides evidence

20

21      [1] Without supporting evidence, Reynolds's reply asserts Autozone's total exposure is $3.5 million before attorneys' fees. Dkt. 21 at 10. However, Reynolds's motion, relying on Serb's sworn declaration, asserts the total exposure for the claims is $4,099,758.40, not including

22 attorneys' fees. Dkt. 13 at 7; Dkt. 14.

1 | that Reynolds's own counsel has sought up to one-third of the recovery in prior

2 | employment actions. *See id.* at 771 (defendant provided evidence of attorneys' fees

3 | sought by plaintiff's counsel in prior similar cases). This is consistent with the Court's

4 | own experience calculating attorneys' fees in such cases.

5 | The Court is persuaded that Autozone has, by a preponderance of the evidence,

6 | shown that the amount in controversy is greater than $5 million based on reasonable

7 | assumptions.

8 | Reynolds's motion to remand is therefore **DENIED**.

9 | **IT IS SO ORDERED.**

10 | Dated this 25th day of August, 2025.

11

12

13 | BENJAMIN H. SETTLE
United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 8