HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| KYLE REYNOLDS and KODEY GALE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AUTOZONE PARTS, INC., a Nevada Corporation; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No.: 3:25-cv-05328-BHS<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

Plaintiff Kyle Reynolds ("Reynolds") and Kodey Gale ("Gale") (collectively, "Plaintiffs"), by and through Plaintiffs' undersigned attorneys and on behalf of Plaintiffs and all others similarly situated is informed and believes, and thereon alleges as follows:

## NATURE OF THE ACTION

1.     This is a class action pursuant to Wash. Super. Ct. Civ. R. 23 against Defendants AutoZone Parts, Inc. ("AutoZone"), a Nevada Corporation; and Does 1-20, inclusive (collectively referred to herein as "Defendants") who are or were employers or co-employers of Plaintiffs and others similarly situated, for engaging in a systematic scheme of wage and hour violations against their current and former hourly-paid non-exempt employees.

2.     As explained herein, during the Class Period (defined below), at times, Defendants failed to provide Plaintiffs and other current and former hourly-paid, non-exempt employees, with statutory ten-minute rest periods, and at times also failed to provide legally compliant 30-minute meal periods. Defendants also failed to at times compensate Plaintiffs and other similarly situated for missed, late, interrupted, and/or otherwise unlawful meal and rest periods in violation of the Washington Industrial Welfare Act ("IWA"), the Washington Wage Rebate Act ("WRA"), and regulations promulgated by Washington State.  At times, Defendants also failed to compensate Plaintiffs and others similarly situated for all regular and overtime hours worked in violation of the laws of Washington State, including but not limited to, the Washington Minimum Wage Act ("WMWA") and WRA, as a result of Defendants' off-the-clock work policies and practices and failure to reimburse Plaintiffs and others similarly situated for all business expenses.  Defendants' failure to reimburse Plaintiffs and others similarly situated for all business expenses further resulted in violations of the Seattle Wage Theft Ordinance ("WTO") codified at Chapter 14.20 of the Seattle Municipal Code.

## JURISDICTION & VENUE

3.     The Superior Court of the State of Washington in and for the County of Pierce has jurisdiction over this action to recover money damages pursuant to RCW 2.08.010. Defendants removed this action to the U.S. District Court for the Western District of Washington, pursuant to

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).

4.      Venue is proper under 28 U.S.C. § 1391(b)(2), because Defendants transact business in Pierce County, which is in the Western District of Washington, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

5.      Plaintiffs were employed by Defendants at Defendants' warehouse(s), facilities and/or other location(s), which operate under the name(s) "AutoZone" and/or "AutoZone Parts," in Washington during the Class Period.

## THE PARTIES

6.      **Plaintiff Kyle Reynolds.** Plaintiff Reynolds is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington.

7.      Reynolds is a former employee of Defendants. Reynolds was employed by Defendants as a non-exempt employee from in or around August 2023 through in or around early October 2023.

8.      During Reynolds' employment, Reynolds worked for Defendants as non-exempt delivery driver and/or similar title(s) and/or job position(s). Reynolds drove a standard size company-provided vehicle, such as a Chevrolet Sonic or Chevrolet Colorado to deliver parts from Defendants' warehouse location to various store locations operated by Defendants in Washington.

9.      Reynolds would pick up deliveries at Defendants' location in Federal Way and regularly completed delivery routes for Defendants in the Seattle and Tacoma areas of Washington.

10.      Throughout Reynold's employment during the relevant time period, Reynolds typically worked five (5) days per week and, on average, at least approximately eight (8) to eleven (11) hours per day, at least five (5) days per week. At all relevant times, Reynolds was compensated by Defendants on an hourly basis. At times during Reynolds' employment, Defendants did not permit Reynolds to take legally compliant meal or rest periods. Moreover, Defendants' facilities were understaffed at times during the relevant time period, including but not limited to, Defendants' location where Reynolds was assigned to work, and as a direct and predictable result,

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Defendants' understaffing required, suffered, or permitted Reynolds to work through meal and rest periods at times without compensation, because Reynolds was busy completing deliveries and/or completing work tasks throughout Reynolds' shifts. The nature of Reynolds' work was such that Reynolds could not regularly take compliant meal and/or rest periods, and Defendants failed to have a policy or practice of scheduling compliant meal and/or rest periods, nor did Defendants have a consistent and accurate policy or practice to regularly record and compensate Reynolds and other Class Members for missed, late and/or interrupted meal or rest periods. Therefore, at times, Defendants failed to provide Reynolds and Class Members with meal and rest periods and, at times, failed to compensate Reynolds for missed, late and/or interrupted meal and/or rest periods.

11.     **Plaintiff Kodey Gale**. Plaintiff Gale resides in Snohomish County, Washington and was employed by Defendant as a non-exempt hourly employee in Snohomish County, Washington.

12.     **Defendant AutoZone Parts, Inc.** Defendant AutoZone is a Nevada Corporation, that all relevant times, was authorized to do business in the state of Washington and is doing business in the State of Washington.

13.     AutoZone is an "employer" within the meaning of RCW 49.46.010 and SMC 14.16.010 and is an employer for purposes of the IWA, WMWA, WRA, and the WTO.

14.     Defendants are a large retailer and distributor of automotive replacements parts and accessories. Defendants own, operate, manage, and/or staff its employees to work at their warehouses, retail locations, and/or facilities in Washington operating under the "AutoZone" brand name. Defendants operate locations in, including but not limited to, cities throughout Washington State, including but not limited to, warehouses, facilities and/or other locations in Seattle, Washington.

15.     **Does 1-20.** Plaintiffs are currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

capacities have been ascertained. Plaintiffs are informed and believe, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs and the Class.

## CLASS ALLEGATIONS

16.    Plaintiffs bring this action on behalf of Plaintiffs, and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. The Class Plaintiffs seek to represent are defined as follows and referred to as the "Class" or "Class Members":

> **Class Members:** All individuals currently or formerly employed by any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the present ("Class Period").

> **Seattle Subclass Members:** All individuals currently or formerly employed by Defendants to work within the geographic boundaries of the City of Seattle at any time during the Class Period.

17.    Excluded from the Class are the Defendants and Defendants' officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her immediate family.

18.    Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

19.    On information and belief, there are estimated to be at least fifty current and former hourly paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed, interrupted and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 5

20.     Plaintiffs' claims are typical of the claims of the Class Members because (1) Plaintiffs are members of the putative class; (2) Plaintiffs' claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) all of the Class claims are based on the same facts and legal theories; (4) the injuries that Plaintiffs suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

21.     Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any Class Member. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class. Neither Plaintiffs nor Plaintiffs' counsel have interests that are contrary to or that conflict with those of the Class.

22.     Because the Class Members were subject to identical or substantially similar meal, rest period, and pay policies, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and Class Members are the following:

a.  Whether Defendants violated WAC 296-126-092 by failing to provide statutory first meal periods and rest periods, and failing to compensate Plaintiffs and Class Members for missed and/or interrupted rest periods and late, missed, and/or interrupted meal periods;

b.  Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing its locations and permitting or requiring Plaintiffs and Class Members to work through first meal periods and rest periods, have meal periods and rest periods be interrupted, or have late meal periods;

c.  Whether Defendants maintained an adequate system for scheduling Plaintiffs' and Class Members' rest periods, and for ensuring that

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs and Class Members could take timely meal periods and rest periods and record missed, late and/or interrupted meal periods;

d. Whether Defendants have insufficient record-keeping on a systemic level;

e. Whether Defendants' violations of wage and hour laws were willful with intent to deprive, and whether Defendants are liable for double damage;

f. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiffs and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their breaks and/or for the rest periods and meal periods that were not provided or interrupted;

g. Whether Defendants violated RCW 49.46 by failing to reimburse Plaintiffs and Class Members for all business expenses incurred in carrying out the job duties assigned to them by Defendants;

h. Whether Defendants violated SMC 14.20, et seq. by failing to reimburse Plaintiffs and Class Members for all business expenses incurred in carrying out the job duties assigned to them by Defendants

i. Plaintiffs anticipate that Defendants' defenses will also raise common questions of law and fact; and

j. The nature and extent of class-wide damages and the measure of damages for the Class.

23.    Plaintiffs and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 7

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

when that cost is balanced against each individual's respective potential award. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, an expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

24.    Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

25.    Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL AND LEGAL ALLEGATIONS

26.    During the Class Period, Plaintiffs and each of the Class Members worked for Defendants in the State of Washington.

27.    Plaintiff Reynolds is a former employee of Defendants. Reynolds was employed by Defendants as a non-exempt employee from in or around August 2023 through in or around early October 2023.

28.     During Reynold's employment, Reynolds worked for Defendants as non-exempt delivery driver and/or similar title(s) and/or job position(s). Reynolds drove a standard size company-provided vehicle, such as a Chevrolet Sonic or Chevrolet Colorado to deliver parts from Defendants' warehouse location to various store locations operated by Defendants in Washington.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 8

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

29.     Reynolds would pick up deliveries at Defendants' location in Federal Way and regularly completed delivery routes for Defendants in the Seattle and Tacoma areas of Washington.

30.     Throughout Reynolds' employment during the relevant time period, Reynolds typically worked five days per week and, on average, at least approximately eight (8) to eleven (11) hours per day, at least five (5) days per week.

31.     At all relevant times, Reynolds was a non-exempt employee that was paid on an hourly basis.

32.     Plaintiff Gale was employed by Defendant as a non-exempt hourly employee in Snohomish County, Washington.

33.     Gale regularly worked shifts longer than five consecutive (5) hours in duration.

34.     <u>Facts Regarding Defendants' Failure to Provide Meal Periods and Rest Periods and Failure to Compensate for Missed Meal and Rest Periods:</u> Under WAC 296-126-092(1), "[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer[;] (2) No employee shall be required to work more than five consecutive hours without a meal period."

35.     Under WAC 296-126-092(4), "[e]mployees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period."

36.     Plaintiffs and Class Members regularly worked shifts longer than five consecutive hours in duration. At times, Defendants failed to provide Plaintiffs and Class Members with statutory meal and rest periods. Defendants, at times, did not and do not provide their hourly-paid, non-exempt employees with statutory ten-minute rest periods for every four hours of work, or 30-minute meal periods between the second and fifth hours of their shifts. The time-pressure nature

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

of Plaintiffs' and Class Members' work—caused and/or exacerbated by the fact that Defendants' warehouses and/or other facilities are understaffed and busy—was such that they could not at times take uninterrupted 30-minute meal periods free from work work-related responsibilities or rest periods equivalent to ten minutes for each four hours worked. For example, Plaintiffs were at times required to take late meal periods and/or shortened meal periods due to lack of relief workers and/or the need to continue completing assigned job duties.

37.    For example, Defendants' time records for Reynolds evidence late meal periods taken on including but not limited to the following dates: September 13, 2023 (showing a clock-in time of 8:02 am, clock out for a less than thirty-minute meal period, after the fifth hour of work, from 2:48 pm to 3:16 pm, and clock out time of 5:00 pm), September 20, 2023 (showing a clock-in time of 9:03 am, clock out for meal period, after the fifth hour of work, from 4:13 pm to 4:44 pm, and clock out time of 5:59 pm), September 23, 2023, (showing a clock-in time of 8:00 am, clock out for meal period, after the fifth hour of work, from 2:01 pm to 2:32 pm, and clock out time of 4:50 pm), September 26, 2023 (showing a clock-in time of 7:59 am, clock out for meal period, after the fifth hour of work, from 2:36 pm to 3:06 pm, and clock out time of 5:01 pm), and October 5, 2023 (showing a clock-in time of 8:07 am, clock out for meal period, after the fifth hour of work, from 1:41 pm to 2:10 pm, and clock out time of 5:37 pm).

38.    Defendants' time records for Reynolds also reflect a clock out for a meal period of less than thirty minutes on including but not limited to the following dates: September 1, 2023 (meal period clock out from 1:33pm to 2:01 pm), September 2, 2023 (meal period clock out from 12:00 pm to 12:29 pm), September 13, 2023 (meal period clock out from 2:48 p.m. to 3:16 p.m.), September 29, 2023 (meal period clock out from 12:45 pm to 1:14pm), and October 5, 2023 (meal period clock out from 1:41 pm to 2:10 pm).

39.    Furthermore, Defendants' time records for Reynolds show that Reynolds did not clock out for any meal period on or around including but not limited to the following dates: September 7, 2023 (showing a clock-in time of 8:00 and clock-out time of 6:01 without any clock out for a meal period), September 19, 2023 (showing a clock-in time of 9:04 am and clock-out

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

time of 6:00 pm without any clock out for a meal period).

40.     Also, based on information and belief, Defendants have a policy and/or practice of requiring Plaintiffs and other Class Members to obtain authorization from a manager and/or be told by a manager to take any meal periods, and Plaintiffs and other Class Members were threatened with disciplinary action and/or subject to disciplinary action for taking their owed meal periods without first obtaining authorization from Defendants, resulting in denied meal periods at times as Defendants at times failed to authorize meal periods during Plaintiffs' and other Class Members' shifts.

41.     Defendants failed to compensate Plaintiffs and Class Members with an additional thirty minutes of work time, at their respective regular rate(s) of pay, for each instance on which they were not provided a meal period of at least thirty minutes beginning no less than two (2) hours and no more than five (5) hours after the beginning of their shifts, for shifts greater than five (5) hours long, in violation of Washington law.  Notably, Defendants' wage statements issued to Reynolds do not show the payment of a single meal period premium.

42.     Moreover, Plaintiffs were, at times, required to work through Plaintiffs' owed rest periods due to lack of relief workers and/or the need to complete assigned job duties.

43.     Also, based on information and belief, Defendants have a policy and/or practice of requiring Class Members to obtain authorization from a manager and/or be told by a manager to take any rest periods, resulting in denied rest periods at times as Defendants at times failed to authorize rest periods during Class Members' shifts.

44.     Defendants failed to compensate Plaintiffs and Class Members with an additional ten minutes of work time, at their respective regular rate(s) of pay, for each instance on which Defendants required Plaintiffs and Class Members to work greater than three (3) consecutive hours without a rest period, provided a rest period of less than ten (10) minutes in length, or did not provide a rest period that was at least ten (10) minutes long, for every four hours worked, in violation of Washington law.  Notably, Defendants' wage statements issued to Reynolds do not show the payment of a single rest period premium.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 11

45.    In addition, Defendants had no policy or practice to schedule meal or rest periods, nor did Defendants maintain a policy or practice that allowed Plaintiffs and Class Members to record the instances on which they missed meal and rest periods/received non-compliant meal and rest periods, or to be compensated for missed meal and rest periods.

46.    As such, at times, Defendants failed to provide compliant meal and rest periods and failed to compensate Plaintiffs and Class Members for missed meal and rest periods throughout the Class Period. Therefore, Defendants are liable to Plaintiffs and the Class Members for compensation for time spent working during their statutory meal and rest periods.

47.    Defendants, including Defendants' management, were on notice, or should have been on notice, of their violations of Washington wage and hour laws. Thus, Defendants' violations as alleged above are willful with the intent to deprive Plaintiffs and Class Members of all wages owed for missed meal and rest periods.

48.    <u>Facts Regarding Defendants' Failure to Pay Minimum and Overtime Wages</u>: The ("WMWA") entitles non-exempt Washington employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Security, Inc.*, 162 Wn.2d 42, 47 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." Id. (citing WAC 296-126-002(8)).

49.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq.* If the employer fails to do so, RCW 49.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate per hour less any amount actually paid to the employees.

50.    RCW 49.46.130(1) provides, in part: "[N]o employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed." At all times throughout their employment, Plaintiffs and other Class Members were non-exempt for the

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 12

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

purposes of overtime under Washington law, and they often worked more than forty hours per week, inclusive of hours worked when working through their breaks and/or for the rest and meal periods not provided.

51.     Defendants were actually aware, or through reasonable diligence should have been aware, that Plaintiffs and the Class Members were at times working through rest periods and meal periods in violation of WAC 296-126-092. Defendants knowingly violated WAC 296-126-092 by failing to schedule rest periods, by failing to provide meal periods and rest periods, and by routinely and as a matter of official or unofficial policy and custom understaffing Defendants locations, rendering it impossible for Plaintiffs and the Class to always take rest periods and meal periods.

52.     Accordingly, Defendants were on notice, or should have been on notice, of their violations of Washington wage and hour laws. Thus, Defendants' violations as alleged above are willful with the intent to deprive Plaintiffs and Class Members of all wages (including, where applicable, all overtime wages) owed for missed, shortened, and/or otherwise noncompliant rest periods and late, missed, shortened, interrupted and/or otherwise noncompliant meal periods.

53.     Moreover, Defendants at times required Plaintiffs and the Class Members to complete work tasks prior to clocking in/signing in for the start of their shifts and/or after clocking out for the end of their shifts and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate Plaintiffs and the Class Members for all hours worked, in violation of including but not limited to, the WMWA.

54.     Based on information and belief, Defendants additionally engaged in unauthorized time editing/rounding.

55.     Based on information and belief, at times during the relevant time period, Defendants failed to reimburse Class Members for all business expenses incurred in carrying out their assigned job duties, including but not limited to, the use of Class Members' personal cell phones/mobile devices, internet and/or data usage for work-related purposes, including but not limited to, to receive and respond to work-related messages and/or phone calls. Defendants' failure to reimburse Class Members for all of Defendants' business expenses functioned as a deduction

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 13

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

from Class Members' earned wages during those pay periods in which Class Members were required to use their personal cell phones for work without reimbursement, resulting in Class Members not being paid all owed regular and overtime wages.

56.    For example, at times, Defendants failed to reimburse Plaintiffs for Defendants' business expenses, including but not limited to, increased data plan charges incurred as a result of Defendants' requirement that at times Plaintiffs use Plaintiffs' personal cell phones/data usage to carry out Plaintiffs' assigned job duties, thereby deducting some of Defendants' business costs from Plaintiffs' earned wages, resulting in Defendants' failure to compensate Plaintiffs with all regular and overtime wages owed, in violation of including but not limited to, the WMWA.

57.    As a result of Defendants' unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

58.    <u>Facts Regarding Defendants' Wage Theft/Failure to Reimburse Business Expenses in Violation of SMC 14.20, et seq.</u>

59.    At times during the relevant time period, Defendants failed to reimburse Plaintiff Reynolds and the Seattle Subclass Members for all business expenses incurred in carrying out their assigned job duties, including but not limited to, uniforms/work clothing/work shoes/personal protective/safety gear and the use of Reynold's and other Seattle Subclass Members' personal cell phones/mobile devices, internet and/or data usage for work-related purposes, including but not limited to, to receive and respond to work-related messages and/or phone calls.

60.    For example, based on information and belief, at times, Reynolds and other Seattle Subclass Members were required to receive and respond to work-related calls and/or messages from supervisors and/or other employees regarding scheduling and/or other work tasks but were not reimbursed by Defendants at all and/or in full for these business expenses.

61.    For example, at times, Defendants required Reynolds to respond to work-related calls and/or messages on Reynold's personal cell phone/mobile device, however, at times, Defendants did not provide Reynold's with any and/or full reimbursement for these business

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

expenses Reynolds incurred in connection with being required to use Reynold's personal cell phone for work, including but not limited to, increased data plan charges.

## FIRST CAUSE OF ACTION
### Implied Cause of Action Pursuant to RCW 49.12
### Failure to Compensate for Missed Meal and Rest Periods
### In Violation of WAC 296-126-092

62.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.    Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841 (2002), the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. Id. at 847-51.

64.    WAC 296-126-092(1) provides that:

Employees shall be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. […]

65.    WAC 296-126-092(4) provides that:

Employees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period. […]

66.    The words "on the employer's time" mean that the employer must compensate employees for their time spent taking rest periods authorized under these regulations. *Wingert, 146 Wn.2d at 847-51.* Washington law requires employers to compensate employees for missed meal or otherwise noncompliant periods. *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d. 418, 556 P.3d 714 (2024); *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018) (citing *Hill v.*

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Garda CL Nw., Inc.*, 198 Wn. App 326, 361 (2017)); *Brady v. Autozone Stores, Inc.*, 188 Wn.2d 576 (2017); *Pellino v. Brink's Inc*., 164 Wn. App. 668, 690-93 (2011). Washington law requires employers to compensate employees for missed rest periods. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507 (2018).

67.    WAC 296-126-092(4) requires Defendants to schedule Plaintiffs' and Class Members' rest periods, to provide Plaintiffs and Class Members with a ten-minute as near to the midpoint of the work period as possible, and a rest period is required to be provided no later than upon the completion of the third hour of work.

68.    As stated above, at times, Defendants failed to provide Plaintiffs and Class Members with meal periods and rest periods. At times, Defendants did not provide Plaintiffs and Class Members with statutory ten-minute rest periods for every four hours of work and failed to provide 30-minute meal periods no later than the fifth hour of their shifts. The time pressure nature of Plaintiffs' and the Class Members' work was such that at times they could not take statutory meal periods and rest periods, and, at times, they worked for Defendants through their meal periods and rest periods. Furthermore, Defendants had no policy or practice to schedule meal periods or rest periods, for Plaintiffs and Class Members to record missed or otherwise noncompliant meal periods or rest periods, or to compensate them for missed or otherwise noncompliant meal periods or rest periods. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of all earned wages for missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, plus interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Double Damages for Willful and Intentional Withholding of Wages**
**Pursuant to RCW 49.52.050,070**
**Flowing from the First Cause of Action**
**On Behalf of Plaintiffs and the Class Members**

69.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

70.    By failing to compensate Plaintiffs and the Class for missed or otherwise noncompliant meal periods and rest periods, Defendants acted willfully with the intent to deprive Plaintiffs and the Class Members of compensation to which they were entitled.

71.    As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and the members of the Class of compensation owed, Plaintiffs and the members of the Class are entitled to judgment for twice the amount of compensation owed.

**THIRD CAUSE OF ACTION**
**Minimum Wage Violations**
**Minimum Wage Act: RCW 49.46 *et. seq.***
**On Behalf of Plaintiffs and Class Members**

72.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq*. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate per hour less any amount actually paid to the employees.

74.    RCW 49.46.130 provides that no employer shall employ an employee for a workweek longer than 40 hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate no less than one and one-half times the regular rate at which he or she is employed.

75.    Defendants failed to pay Plaintiffs and Class Members for all time worked. Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten minutes of additional pay for each missed rest break and with thirty minutes of additional pay for each missed or otherwise noncompliant meal break.

76.    By the actions alleged above, Defendants violated the provision of RCW 49.46.090, RC 49.46.130, by failing to pay all earned wages to Plaintiffs and the Class for each missed or otherwise legally noncompliant rest break and each missed or otherwise legally noncompliant meal

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

break, including when the missed/otherwise noncompliant breaks occurred during workweeks when Plaintiffs and the Class worked in excess of forty hours that week.

77.    Defendants additionally engaged in unauthorize time editing/rounding.

78.    At times, Defendants deprived Plaintiffs and the Class Members of earned wages, including but not limited to, all regular wages, by requiring Plaintiffs and the Class Members to incur increased data plan charges and/or other business expenses of Defendants without reimbursing Plaintiffs and the Class Members for these business expenses.

79.    As a result of Defendants' unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiffs and Class Members**

80.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

81.    The WMWA, RCW 49.46.090, prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed under the WMWA, and for reasonable attorney's fees and costs.

82.    The WMWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employers for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

83.    The WMWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens,* 162 Wn.2d at 47. "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id*. (citing WAC 2960126-002(8)).

84.    As set forth above, during workweeks in which Plaintiffs and Class Members

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

worked more than forty hours, inclusive of hours worked when working through or during their breaks and/or for meal and rest periods that were not provided, Defendants violated WMWA by failing to pay Plaintiffs and the Class Members at the overtime rate of 1.5 times their regular rage of pay for their hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

85.    As set forth above, during workweeks in which Plaintiffs and Class Members worked more than forty hours, inclusive of hours worked when working through or during their breaks and/or for meal and rest periods that were not provided, Defendants violated WMWA by requiring Plaintiffs and the Class Members to incur increased data plan charges and/or other business expenses of Defendants without reimbursing Plaintiffs and the Class Members for these business expenses.

86.    As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of all overtime wages owed, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, interest, attorney's fees, and costs.

### FIFTH CAUSE OF ACTION
### Wage Theft
### Violation of RCW 49.52 *et seq.*
### On Behalf of Plaintiffs and Class Members

87.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

88.    Washington's Wage Rebate Act, RCW 49.52, prohibits employers from paying employees less than the wages to which they are entitled by any statute, ordinance, or contract. RCW 49.52.050(2).

89.    Defendants' conduct, as alleged above, constitutes willful withholding of wages due in violation RCW 49.52.050 and .070.

90.    As a result of Defendants' actions and omissions, Plaintiffs and Class Members have been damaged in amounts to be proven at trial.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 19

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

**FIFTH CAUSE OF ACTION**
**Record Keeping Violations**
**Violation of RCW 49.46.070 and WAC 296-126-040**
**On Behalf of Plaintiffs and Class Members**

91.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

92.    Employers are required to furnish each employee, at the time of payment of wages, with an itemized statement showing the pay basis (i.e., hours or days worked), rate or rates of pay, gross wages, and all deductions for that pay period. WAC 296-126-040.

93.    Defendants failed to maintain adequate records of the hours worked and the missed, late, and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members as required by RCW 49.46.070 and WAC 296-126-040.

94.    The wage statements issued by Defendant failed to reflect the wages and damages owed for missed and noncompliant meal and rest periods, and gross wages earned.

95.    Defendant's failure to furnish accurate wage statements to Plaintiffs and the Class violates RCW 49.46.070 and WAC 296-126-040.

**96.**    Plaintiffs and the Class Members have been harmed by Defendants' failure to maintain adequate wage records and records of missed, late and/or interrupted meal periods and rest periods, and have no adequate remedy at law to address that harm, and request an injunction requiring Defendants to keep adequate records, as well as a spoilation instruction of any defensive allegations regarding their damages.

**SIXTH CAUSE OF ACTION**
**Wage Theft Under SMC 14.20, et seq.**
**On Behalf of Plaintiff Reynolds and the Seattle Subclass Members**

97.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

98.    SMC 14.20.020 provides that, for employees who worked in Seattle, Washington more than two hours during a two-week period, the "employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

payment intervals." SMC 14.20.010 defines "compensation" to include "reimbursement for employer expenses" and requires that "an employer shall indemnify the employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties, or of the employee's obedience to the directions of the employer…."

99.    In order to discharge their duties for Defendants while working in Seattle during the Reimbursement Class Period, Plaintiff Reynolds and Seattle Subclass Members regularly incurred personal cell phone expenses in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. Defendants nevertheless have, at times throughout the Reimbursement Class Period, failed and refused to reimburse Plaintiff Reynolds and the Seattle Subclass Members for such personal cell phone expenses incurred by them in direct consequence of the discharge of their duties or of their obedience to the directions of the employer.

100.    Defendants' failure to reimburse Plaintiff Reynolds and the Seattle Subclass Members for such necessary personal cell phone expenses is a violation of SMC 14.20.020 and was willful within the meaning of SMC 14.20, et seq.

101.    Plaintiff Reynolds and the Seattle Subclass Members are entitled to reimbursement for these necessary business-related expenses, plus interest, liquidated damages, and attorneys' fees and costs, under SMC 14.20.020 and SMC 14.20.090(A).

## SEVENTH CAUSE OF ACTION
### Declaratory Relief
### On Behalf of Plaintiffs and Class Members

102.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

103.    As described more fully above, Plaintiffs and the Class are entitled to a declaration of their right to meal periods, rest periods, wages, damages, and accurate wage statements.

104.    Plaintiffs and the Class are entitled to a final judicial determination of the amounts owed to Plaintiffs and the Class as a result of the meal and rest period violations.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, on behalf of Plaintiffs and Class Members, pray for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the classes as defined above for the class periods defined above;

B. A declaratory judgement that Defendants willfully violated the WAC 296-126-092 by failing to provide Plaintiffs and Class Members with statutory meal periods and rest periods, and for failing to compensate Plaintiffs and Class Members for missed, late, interrupted and/or otherwise noncompliant meal periods and rest periods;

C. An award of damages to Plaintiffs and Class Members in the amount of their missed/ otherwise noncompliant and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

D. Exemplary damages in amounts equal to double the wages due to Plaintiffs and members of the classes as defined above pursuant to RCW 49.52.050, .070 for any time during the relevant period;

E. A declaratory judgement that Defendant willfully violated SMC 14.20.020 by failing to reimburse Plaintiff Reynolds and the Seattle Subclass Members for all necessary expenses incurred by them in direct consequence of the discharge of their duties or of their obedience to the directions of the employer; and

F. An award of damages to Plaintiff Reynolds and Seattle Subclass Members in the amount of their unreimbursed personal cell phone expenses incurred by them while working for Defendants in Seattle during the Class Period, plus liquidated damages, interest, and reasonable attorneys' fees and costs.

G. Injunctive Relief with respect to Defendants' record-keeping violations, including an order requiring Defendants to maintain adequate records of missed, late, interrupted and/or otherwise noncompliant meal periods and rest periods;

H. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1) and 49.48.030, and 49.52.070;

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES - 22

I.   Prejudgment interest; and

J.   All other relief this Court deems proper.


Dated:  September 15, 2025                    **CROSNER LEGAL, PC**


By: /s/ *Victoria E. Ainsworth*
Jamie K. Serb, WSBA No. 62065
Zachary M. Crosner, WSBA No. 61644
Victoria E. Ainsworth, WSBA No. 49677
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
zach@crosnerlegal.com
tainsworth@crosnerlegal.com

*Attorneys for Plaintiff Kyle Reynolds*


EMERY | REDDY, PLLC

By: *Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

*Attorneys for Plaintiff Kodey Gale*